UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESPER DAHL,

                Plaintiff,

          v.

TRANS-TRADE BROKERS, INC., *et al.*,

                Defendants.

No. C11-01993RSL

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

       This matter comes before the Court on plaintiff's "Motion to Strike Affirmative Defenses Pursuant to Fed. R. Civ. P. 9(b)." Dkt. # 60. Having reviewed the memoranda and declaration submitted by the parties, the Court finds as follows:

       (1) Plaintiff's motion to strike defendant Skinner's affirmative defense of unclean hands is untimely. Defendant Skinner filed his amended answer on May 2, 2012. Any challenge to the sufficiency of a defense asserted therein had to be filed by May 23, 2012 pursuant to Fed. R. Civ. P. 12(f)(2).

      (2) In response to plaintiff's motion to strike affirmative defenses, defendants Trans-Trade Brokers, Anderson, Brinks, and Blondin filed an amended answer which includes additional factual allegations that have been considered when determining the sufficiency of the unclean hands and fraudulent inducement defenses. Contrary to plaintiff's argument in reply, the amended answer was timely filed pursuant to Fed. R. Civ. P. 15(a)(1)(A).

ORDER DENYING PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES

(3) Plaintiff challenges the adequacy of the factual allegations offered in support of defendants' unclean hands and fraudulent inducement defenses under Fed. R. Civ. P. 9(b).[1] Rule 9(b) applies to all allegations of fraud and requires that the circumstances constituting fraud be pled with particularity. The heightened pleading requirement is intended to provide the party accused of fraud with notice of the "who, what, when, where, and how" of the misconduct charged, to deter the assertion of unsubstantiated and damaging accusations, and to reduce the likelihood of baseless fishing expeditions and/or pressures to settle having nothing to do with the merits. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Bly-Magee v. Calif., 236 F.3d 1014, 1018 (9th Cir. 2001); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

Taking the allegations of the amended answer as a whole and considering the purposes of Rule 9(b), the Court finds that defendants' allegations are sufficient. Defendants have identified specific false statements (*e.g.*, the amount of accounts payable), why they were false, the context in which those statements were made, plaintiff's contemporaneous knowledge of falsity, and plaintiff's motive to induce reliance on the false statements. No more is required.[2]

---

[1] Because plaintiff's challenge is to the adequacy of the pleading under Rule 9(b), the Court need not determine whether the Supreme Court's revised interpretation of Rule 8(a) (see Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)) applies to affirmative defenses.

[2] The Court assumes, for purposes of this analysis, that defendants' unclean hands defense is based on the same inequitable conduct that supports the fraudulent inducement defense.

For all of the foregoing reasons, plaintiffs' motion to strike affirmative defenses (Dkt. # 60) is DENIED.

Dated this 20th day of July, 2012.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES               -3-