UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESPER DAHL,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TRANS-TRADE BROKERS, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | No. C11-01993RSL<br><br>ORDER DENYING MOTION TO<br>CONTINUE TRIAL DATE |

　　　　　This matter comes before the Court on "Defendants' Motion to Continue Trial Date." Dkt. # 70. Defendants argue that an extension of the case management deadlines is necessary because the parties have engaged in settlement negotiations and lead counsel has another trial set in state court during the same time frame. Plaintiff opposes the motion, arguing that an extension would harm plaintiff's interests and reward defendants' lack of diligence and recalcitrance in discovery.

　　　　　Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these

ORDER DENYING MOTION TO
CONTINUE TRIAL DATE

dates only upon good cause shown . . . ."  Dkt. # 41 at 2.[1]  Neither of the arguments raised by defendants establishes good cause for the requested extension.  Defendants offer no explanation for why discovery was not timely conducted, why plaintiff should have to delay his day in Court simply because the parties discussed settlement, or why the state court matter should take precedence over this one.  The fact that defendants' counsel have a potential conflict with the January 7, 2013, trial date does not justify a two month delay in the resolution of plaintiff's claims.[2]

The Court finds that defendants have not shown that the current schedule could not have been met had they been reasonably diligent.  In the absence of good cause for the requested modification, the motion for continuance is DENIED.

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure.  The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay.  Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party
> seeking the amendment.  The district court may modify the pretrial schedule "if it
> cannot reasonably be met with the diligence of the party seeking the extension."
> Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

[2] Even if counsel's potential conflict is some evidence of hardship or prejudice occasioned by the existing case management order, prejudice to the moving party, standing alone, may not supply the necessary "good cause."  Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice <u>to the party opposing the modification</u> might supply additional reasons <u>to deny a motion</u>, the focus of the inquiry is upon the moving party's reasons for seeking modification. . .  If that party was [sic] not diligent, the inquiry should end.") (emphasis added).

ORDER DENYING MOTION TO
CONTINUE TRIAL DATE                                -2-

1
2
      Dated this 20th day of September, 2012.
3
4
                                        /s/ Robert S. Lasnik
                                        Robert S. Lasnik
5
                                        United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER DENYING MOTION TO
CONTINUE TRIAL DATE                        -3-